# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF WHATCOM

| | |
|---|---|
| KEN AND CINDY GUINN,<br><br>Plaintiffs,<br><br>vs.<br><br>CMH MANUFACTURING WEST, INC., dba MARLETTE HOMES, and DOES 1 to 10,<br><br>Defendants. | No. 22-2-00576-37<br><br>SUMMONS<br><br>(20 Days) |

TO:   CMH MANUFACTURING WEST, INC.
       AGENT FOR SERVICE: CT Corporation System
       711 Capitol Way S., Suite 204
       Olympia, WA 98501-1267

TO THE DEFENDANT(S): A lawsuit has been started against you in the above-entitled court by plaintiffs. Said claim is started in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defenses in writing, and by serving a copy upon the person signing this

SUMMONS - 1

**CTM Legal Group**
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this <u>18th</u> day of May, 2022.

                                          CTM Legal Group

                                          705 Second Ave., Suite 1300
                                          Seattle, WA 98104
                                          Ph: 206-268-9500
                                          Fax: 206-962-5830

                                          _____
                                          Matthew R. Brady
                                          *Attorneys for Plaintiffs*

**EVAN P. JONES**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF WHATCOM

| | |
|---|---|
| KEN AND CINDY GUINN,<br><br>Plaintiffs,<br><br>vs.<br><br>CMH MANUFACTURING WEST, INC., dba MARLETTE HOMES, and DOES 1 to 10,<br><br>Defendants. | No. 22 2 00576 37<br><br>COMPLAINT FOR BREACH OF WARRANTY, VIOLATION OF MAGNUSON MOSS WARRANTY ACT AND CONSUMER PROTECTION ACT |

COMES NOW Ken and Cindy Guinn, Plaintiffs, and state their claims as follows:

## 1. PARTIES

1.1. Plaintiffs Ken Guinn and Cindy Guinn are married individuals who reside in Washington State.

1.2. Defendant CMH Manuacturing West, Inc., doing business as Marlette Homes ("Marlette"), is a foreign corporation doing business in Snohomish County,

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

Washington State.

1.3. Plaintiffs are ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. When Plaintiffs become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiffs will amend their Complaint to state their true names and capacities.

1.4. All acts of Defendants' corporate employees as alleged below were authorized or ratified by an officer, director or managing agent of the corporate employer.

1.5. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## 2. JURISDICTION AND VENUE

2.1. This Court has jurisdiction because the amounts in controversy fall within the jurisdictional limits of the Court.

2.2. Venue is proper in Whatcom County Superior Court under RCW 4.12.025 (3), as one of the corporate defendants resides in Whatcom County and the agreement entered into with the corporations was made in Whatcom County.

COMPLAINT - 2

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

## 3. STATEMENT OF FACTS

3.1. The Plaintiffs purchased a new 2018 model-year Marlette manufactured home "Manufactured Home") on May 15, 2018.

3.2. The total purchase price for the home and the land on which it was located was $255,000.

3.3. The vehicle had a "one/five year plus one month" limited warranty provided by Marlette.

3.4. That warranty states, in part, that certain systems are covered for sixty-one months following retail delivery of the home. These systems include the frame, the sub-floor structure, the general structural envelope, and the plumbing system, among other systems.

3.5. Soon after taking possession, a member of the plaintiffs' family was outside the Manufactured Home while another was showring inside. The party outside noticed that water was coming out of the side of the home due to a leak.

3.6. Within a month after taking possession, the plaintiffs noticed significant dips in the floors.

3.7. The plaintiffs suffer from disabilities that affect their mobility, so these dips presented a heightened danger of tripping and falling.

3.8. The plaintiffs also noted that when they turned the heat on in the Manufactured Home, the linoleum in the kitchen lifted in large wave patterns

COMPLAINT - 3

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

throughout the area.

3.9. A local repair technician came to investigate the Manufactured Home. He noted that the main beam under the floor was broken. He reinforced the beam with a two-by-four. He also noted that the linoleum floor had not been glued down.

3.10. In January 2019 the plaintiffs contacted the defendants for the first time to discuss the defects that needed to be repaired. After some time, they were able to state their claim and they were told it would be several months before anything could be done because there were other homes with higher priority.

3.11. In April 2019, after hearing nothing more from the defendants, the plaintiffs called once again, and were told the defendants would send a contractor to investigate.

3.12. In May 2019 the contractor inspected the Manufactured Home. He said the floors needed to be removed and replaced, that the main bathroom tub had two three-inch cracks on the bottom and that they should no longer use it. He told them to call him a week later to make sure that the defendants got his work order.

3.13. Soon after that, defendants called to discuss replacing some decking. Plaintiffs asked if defendants had gotten the contractor's report, and they were told he no longer worked for the defendants.

COMPLAINT - 4

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

3.14. In June 2019 defendant sent three technicians to address the floor. Defendant told plaintiffs that a local contractor would be sent to address the issues in the bathroom.

3.15. The technicians replaced floor decking in the kitchen and bathroom. They stated in their repair order that more work was needed, and they told plaintiff several times that all the floors needed to be removed and replaced.

3.16. Within two weeks, the plaintiffs could feel dips in the flooring again.

3.17. Defendant offered to send another crew in August. Plaintiffs responded that they did not think the previous repairs were adequate, and asked that the floor decking be removed and replaced and that the supporting structural issues be addressed.

3.18. In November 2019 plaintiffs went to a local dealer for defendant's products and explained the problems they were having. The dealer referred them to a local repairman, who was the owner's son.

3.19. That person came to the Manufactured Home and looked at it. He said the problems would be addressed, but he wanted to approach it through the proper channels offered by the defendants.

3.20. In or around December 2019, plaintiffs received a letter from Marlette declaring that the Manufactured Home was up to code and that they would not take any more action to repair it.

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

...

3.21. In May 2020, a member of plaintiff's family noted a foul odor in the bathroom. They reported this but nobody came to diagnose or repair it.

3.22. The dips in the floors have continued to worsen and have not been addressed. The master bathroom vanity has detached from the wall, there is a six-inch crack in the master shower. There is a crack running from the ceiling to the floor in the main bathroom. There is a crack in the ceiling of the living room just above where the break in the main floor beam had been found. The unevenness in the kitchen floor has made the cabinet facings pull away from the cabinet bodies.

3.23. The warranty for the structural defects in the Manufactured Home is still in effect, but the defendants have not brought the home to warranty condition.

3.24. In May 2021, the Guinns had a local contractor give them a quote for performing the necessary repairs to the flooring, floor support, kitchen cabinets, vanity, and bath. The quote exceeded $75,000.

## 4. FIRST CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

(Against All Defendants)

4.1. The Manufactured Home had, at the time of purchase, an express limited warranty for 61 months on structural systems.

4.2. Under the terms of that warranty, the warrantor promised to remedy substantial defects in materials and workmanship within a reasonable amount

of time.

4.3. From the initial retail purchase date of May 15, 2018, to the date of filing of this Complaint, the Manufactured Home has been subject to repair on several occasions.

4.4. The Defendants have been unable to bring the Manufactured Home to warranty condition within a reasonable time and the repairs completed have not adequately addressed the defects the Guinns have experienced.

4.5. Plaintiffs have remedies otherwise available under the Uniform Commercial Code if a limited warranty fails in its essential purpose. RCW 62A.2-719(2).

4.6. Unreasonable delays in repairing or inability to adequately repair a product where the manufacturer has promised such repairs causes a limited warranty to fail of its essential purpose and substantially impaired the Manufactured Home's value to the Plaintiffs.

4.7. As such, the Guinns are entitled to the remedies otherwise available under the U.C.C., such as actual damages, consequential damages, and revocation of acceptance.

## 5. SECOND CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

(Against All Defendants)

5.1. The defendants breached the implied warranty of merchantability under RCW 62A.2-314 because the Manufactured Home was not merchantable when it was

sold to the plaintiffs.

5.2. In order for goods to be merchantable, they must pass without objection in the trade under the contract description. RCW 62A.2-314(2)(a). The characteristics of similar goods manufactured by other is taken into consideration when evaluating merchantability.

5.3. The Manufactured Home does not pass without objection in the trade of manufactured homes because a new home of that type would not be expected to exhibit serious and potentially dangerous structural failures within a month of occupancy.

5.4. In order for goods to be merchantable, they must be fit for the ordinary purposed for which such goods are used. RCW 62A.2-314(2)(c).

5.5. The Manufactured Home was not fit for its ordinary purpose of being inhabited at the time of sale because it exhibited multiple defects that affected its usage and safety. It does not pass without objection in the trade and is not fit for its ordinary purpose. Therefore, the Manufactured Home is not merchantable.

5.6. The implied warranty of fitness for a particular purpose exists when the seller has reason to know of any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. RCW 62A.2-315.

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

5.7. The defendants knew that the plaintiffs intended to use the Manufactured Home as their primary residence. Due to its defects, the Manufactured Home has failed to perform for that particular purpose.

5.8. Plaintiffs are entitled to either revocation of their acceptance of the Manufactured Home or actual damages for breach of warranty.

## 6. THIRD CAUSE OF ACTION: MAGNUSON MOSS WARRANTY ACT

(Against All Defendants)

6.1. The express warranty on the Manufactured Home qualifies as a Magnuson-Moss warranty.

6.2. The implied warranties, which arose under state law in connection with the sale of a consumer product, qualify as a Magnuson-Moss warranty.

6.3. By delivering a vehicle that was from the point of its manufacture unmerchantable and unfit for its particular purpose as a recreation vehicle, the defendants breached the implied warranties.

6.4. By failing to complete adequate repairs, and by failing to complete repairs within a reasonable time, the defendants breached the express warranty.

6.5. Defendants failed to comply with the terms of the implied warranties and the express warranties.

6.6. The plaintiffs were damaged by that failure. They have incurred mitigation expenses. lost use, and consequential damages, and the value of the

Manufactured Home is considerably diminished by the defendant's breaches.

6.7. Under the Magnuson-Moss Warranty Act, the plaintiffs are entitled to recover actual damages, costs and attorney fees, as well as other damages available to them under state law.

## 7. FOURTH CAUSE OF ACTION: VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT (RCW 19.86)

(Against All Defendants)

7.1. Washington's Consumer Protection Act ("CPA") states that unfair or deceptive acts and practices in trade or commerce are unlawful.

7.2. Defendants committed unfair or deceptive acts and practices in commerce, including but not limited to representing that the Manufactured Home's defects would be remedied within a reasonable amount of time, and then failing to deliver on that promise.

7.3. Defendants also committed unfair or deceptive acts and practices when they refused to provide additional warranty repairs despite the continued need for such repairs and the fact that they were undisputedly covered by the warranty.

7.4. The plaintiffs have informed the defendants that they suffer from physical disabilities that affect their daily lives. Due to these disabilities, the defects in the home—particularly the sagging floors—pose a risk of tripping and falling that is greater than that of people without similar disabilities.

COMPLAINT - 10

7.5. Defendants have committed unfair acts, as they have both failed and refused to provide accommodation for the plaintiffs' disabilities and have told them they do not intend to make further repairs.

7.6. The defendant's acts affected the public interest in that they were committed in their regular course of business; the defendants advertised to the public in general through various means, including but not limited to their websites, point of sale displays, and branding; and the defendant and plaintiff occupied unequal bargaining positions. There is a likelihood that additional members of the public have been or will be injured in the same fashion.

7.7. The plaintiffs suffered harm to their business or property as a result of the defendant's actions, including the purchase cost for the vehicle, the diminished value of the home, and repair costs, as well as consequential damages related to mitigation and investigation.

7.8. The Consumer Protection Act entitles a consumer who has suffered harm to recover actual damages, attorney fees and costs. It also authorizes the court to grant additional damages at triple actual damages up to $25,000.

7.9. The CPA also authorizes injunctive relief.

## 8. PRAYER FOR RELIEF

Ken and Cindy Guinn, Plaintiffs, seek judgment against Defendants as follows:

A. For actual damages in at least the amount of their repair costs or diminished

COMPLAINT - 11

CTM Legal Group
705 Second Ave., Suite 1300
Seattle, Washington 98104
Phone: (206) 268-9500  Fax: (206) 962-5830

value, to be proven at trial;

B.  For consequential and incidental damages according to proof;

C.  For additional statutory damages up to three times actual damages (maximum $25,000) under the Consumer Protection Act;

D.  For reasonable attorney fees and costs pursuant to RCW 19.86.090 and 15 U.S.C. 2310 (Magnuson-Moss Warranty Act);

E.  For leave to amend the Plaintiffs' pleadings to conform to proof later discovered or offered at trial; and

F.  For any other relief under law or equity, as the Court sees fit.

DATED this 11th day of May, 2022

Matthew R. Brady, WSBA #27245
CTM Legal Group
705 Second Ave., Suite 1300
Seattle, WA 98104
Tel. 206-268-9500
Fax 206-962-5830
ATTORNEY FOR PLAINTIFFS

**EVAN P. JONES**

CIVIL
WHATCOM COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

Case Number 22 2 00576 7  Case Title Cindy Guinn v CMH Mfg. West, Inc.

Attorney Name Matthew Brady    Bar Membership Number 27245

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

*Form updated 12/28/2020*

| | | | | | |
|---|---|---|---|---|---|
| ☐ | ABJ | Abstract of Judgment | ☐ | PRG | Property Damage – Gangs |
| ☐ | ABL | Abusive Litigation | ☐ | PRP | Property Damages |
| ☐ | ALR | Administrative Law Review | ☐ | QTI | Quiet Title |
| ☐ | ALRJT | Administrative Law Review-Jury Trial (L&I) | ☐ | ROR | Relief from Duty to Register |
| ☐ | BAT | Ballot Title | ☐ | RFR | Restoration of Firearm Rights |
| ☐ | CHN | Non-Confidential Change of Name | ☐ | SDR | School District-Required Action Plan |
| ☐ | CBC | Contractor Bond Complaint | ☐ | SER | Subdivision Election Process Law Review |
| ☐ | COL | Collection | ☐ | SPC | Seizure of Property-Commission of Crime |
| ☐ | CON | Condemnation | ☐ | SPR | Seizure of Property-Resulting from Crime |
| ☒ | COM | Commercial | ☐ | STK | Stalking Petition |
| ☐ | CRP | Pet. for Cert. of Restoration of Opportunity | ☐ | SXP | Sexual Assault Protection |
| ☐ | DOL | Appeal Licensing Revocation | ☐ | TAX | Employment Security Tax Warrant |
| ☐ | DVP | Domestic Violence | ☐ | TAX | L & I Tax Warrant |
| ☐ | EOM | Emancipation of Minor | ☐ | TAX | Licensing Tax Warrant |
| ☐ | FJU | Foreign Judgment | ☐ | TAX | Revenue Tax Warrant |
| ☐ | FOR | Foreclosure | ☐ | TMV | Tort – Motor Vehicle |
| ☐ | FPO | Foreign Protection Order | ☐ | TRJ | Transcript of Judgment |
| ☐ | HAR | Unlawful Harassment | ☐ | TTO | Tort – Other |
| ☐ | INJ | Injunction | ☐ | TXF | Tax Foreclosure |
| ☐ | INT | Interpleader | ☐ | UND | Unlawful Detainer – Commercial |
| ☐ | LCA | Lower Court Appeal – Civil | ☐ | UND | Unlawful Detainer – Residential |
| ☐ | LCI | Lower Court Appeal – Infractions | ☐ | VAP | Vulnerable Adult Protection Order |
| ☐ | LUPA | Land Use Petition Act | ☐ | VEP | Voter Election Process Law Review |
| ☐ | MAL | Other Malpractice | ☐ | VVT | Victims of Motor Vehicle Theft-Civil Action |
| ☐ | MED | Medical Malpractice | ☐ | WDE | Wrongful Death |
| ☐ | MHA | Malicious Harassment | ☐ | WHC | Writ of Habeas Corpus |
| ☐ | MSC2 | Miscellaneous – Civil | ☐ | WMW | Miscellaneous Writs |
| ☐ | MST2 | Minor Settlement – Civil (No Guardianship) | ☐ | WRM | Writ of Mandamus |
| ☐ | PCC | Petition for Civil Commitment (Sexual Predator) | ☐ | WRR | Writ of Restitution |
| ☐ | PFA | Property Fairness Act | ☐ | WRV | Writ of Review |
| ☐ | PIN | Personal Injury | ☐ | XRP | Extreme Risk Protection Order |
| ☐ | PRA | Public Records Act | ☐ | XRU | Extreme Risk Protection Order Under 18 |

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**

*Please Note: Public information in court files and pleadings may be posted on a public Web site.*